TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
George Perry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Perry, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Navient Solutions, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, George Perry, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, George Perry (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona 85739, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. The Defendant, Navient Solutions, Inc. (hereafter "Navient"), is a company with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Navient and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Navient at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Navient contacted Plaintiff on his cellular telephone number [520-XXX-2440].

8. Navient called Plaintiff using an automated telephone dialing system ("ATDS" or "predictive dialer").

9. Plaintiff never provided his number to Navient and never provided his consent to be contacted by Navient.

10. When Plaintiff answers calls from Navient, he is met with a period of silence before a live agent comes on the line.

11. On multiple occasions, Plaintiff advised Navient that it was calling the wrong number and demanded that Navient cease all calls.

12. Despite Plaintiff's unequivocal explanation and request, Navient continued calling Plaintiff with ATDS calls at an excessive and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Without prior consent and over Plaintiff's objection, the Defendant contacted Plaintiff by means of automated telephone calls or prerecorded messages at a cellular

3

telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.

16. Defendant's telephone systems have the earmarks of a predictive dialer.

17. Upon information and belief, Defendant's telephone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. When Plaintiff answers calls from Defendant, he is met with a period of silence before a live representative comes on the line.

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

4

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 20, 2014        LEMBERG LAW, LLC

By: /s/ Trinette G. Kent
Trinette G. Kent

Attorney for Plaintiff,
George Perry

5